UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

JASON DENT,

                      Plaintiff,              **MEMORANDUM AND ORDER**
                                                        09-CV-2510 (DGT)
      -against-

CITY OF NEW YORK; N.Y.Y.D DETECTIVE
DAVID MILANI; N.Y.Y.D DETECTIVE EDWARD
RAUER; K.C.DA. CHARLES HYNES;
A.D.A TERESA K. CORRIGAN;
K.C.D.A ANNA-SIGGA-DRANITZKE;
N.Y.P.D. SERGEANT JAMES RUSSO; JOHN
DOUGHERTY,

                      Defendants.
------------------------------------------------------------x
TRAGER, United States District Judge:

On June 8, 2009, plaintiff brought this *pro se* action pursuant to 42 U.S.C. § 1983. By memorandum and order dated June 29, 2009, I granted plaintiff permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and directed plaintiff to show cause by written affirmation, why his complaint should not be dismissed as barred by the applicable statute of limitations. Petitioner's affirmation, received on July 15, 2009, fails to demonstrate that the instant complaint is timely and petitioner's arguments are insufficient to warrant equitable tolling of the limitations period. Therefore, the complaint is dismissed as time-barred.

## BACKGROUND

Plaintiff's affirmation alleges he was arrested on September 17, 1997, and June 15, 2000, following raid by the New York City Police Department. Affirmation at ¶ 3. Plaintiff further alleges that those charges were dismissed. Id. at 3. Plaintiff states that the evidence from the June

1

15, 2000, raid was introduced into evidence in plaintiff's criminal trial held in the Eastern District. Id. at 4.[1] Although unclear, plaintiff states that "[d]uring trial plaintiff brought to attention to his lawyer that extra books were added to the Detective's Police reports (provided to the Court A-33 to A-38). Id. at 5.

Plaintiff further alleges that in July 2008, he had a conversation with his co-defendant in the criminal case who suggested that plaintiff obtain the "case file" for the 1997 case. Id. at 6. Plaintiff's affirmation further details his attempts to obtain a copy of the 1997 case file. Id. at 6-18. Plaintiff states that his claims in the instant action "are based on the Conspiracy to cover up the misconduct" and that "[he] was not aware of the misconduct until just recently." Id. at 18.

## DISCUSSION

A claim under 42 U.S.C. § 1983 is subject to the default statute of limitations applicable to personal injury actions in the state in which the § 1983 claim is filed, which is three years in New York. Owens v. Okure, 488 U.S. 235, 236, 251 (1989). The tolling provisions for a state's statute of limitations are borrowed along with the statute itself. See Board of Regents v. Tomanio, 446 U.S. 478, 483 (1980) (adopting the view that the New York federal courts considering the plaintiff's § 1983 claim are "obligated not only to apply the analogous New York statute of limitations to [the plaintiff's] federal constitutional claims, but also to apply the New York rule for tolling that statute of limitations"); see also, e.g., Pearl v. City of Long Beach, 296 F.3d 76, 80 (2d Cir. 2002). The burden is on the plaintiff to establish eligibility for such tolling. Boos v. Runyon, 201 F.3d 178, 185 (2d Cir. 2000); Vallen v. Carrol, No. 02-CV-5666 (PKC), 2005 WL 2296620, at *4 (S.D.N.Y. Sept. 20, 2005).

---

[1] See USA v. Major et al., 01-CR-1343 (DGT).

Furthermore, equitable tolling is available in "rare and exceptional" cases where "extraordinary circumstances prevented a party from timely performing a required act," and "the party acted with reasonable diligence throughout the period" to be tolled. Walker v. Jastremski, 430 F.3d 560, 564 (2d Cir. 2005) (internal quotation marks omitted); see also Abbas v. Dixon, 480 F.3d 636, 642 (2d Cir. 2007) (a statute of limitations may be equitably tolled when plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action).

Liberally construed plaintiff is bringing this § 1983 action, alleging a conspiracy to fabricate and introduce evidence used in his criminal prosecution. To establish a conspiracy under 42 U.S.C. § 1983, a plaintiff must show: (1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages. See Ciambriello v. County of Nassau, 292 F.3d 307, 324-25 (2d Cir. 2002). Plaintiff has not alleged, except in the most conclusory terms, the existence of a conspiracy. Mere conclusory allegations are insufficient to state a claim under § 1983. See Ciambriello, 292 F.3d at 224 ( "[C]omplaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct."); Straker v. Metropolitan Transit Auth., 333 F.Supp.2d 91, 101 (E.D.N.Y. 2004) (explaining that "there is a distinction to be drawn between fair notice of what a plaintiff's claim is and the grounds upon which it rests; conclusory allegations cannot satisfy the latter.") (internal quotations omitted)).

Here, the jury returned a guilty verdict in plaintiff's action on December 8, 2003 and judgment was entered on October 31, 2005, respectively five and one-half and three and one-half years ago. See USA v. Major et al., 01-CR-1343 (DGT). The fact that plaintiff in July 2008, re-

3

connected with his co-defendant who suggested that plaintiff might want to seek the records from the 1997 police raids, is not sufficient grounds to not warrant equitable tolling of the limitation period. Plaintiff's complaint and affirmation fails to offer any specific facts or evidence as to what those records would show. Even if plaintiff received the records that he sought, it is impossible to determine how that would support his claim of a conspiracy. Thus, plaintiff's § 1983 claim is time-barred. See Abbas v. Dixon, 480 F.3d at 639-40 (district court should not dismiss a *pro se* prisoner's complaint on the basis of an anticipated statute-of-limitations defense without first granting notice and an opportunity to be heard).

## CONCLUSION

Accordingly, plaintiff's complaint is dismissed as time-barred. 28 U.S.C. § 1915A(b). The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/Signed by Judge David G. Trager/
DAVID G. TRAGER
United States District Judge

Dated: Brooklyn, New York
August 17, 2009

4